IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION
_____

| | |
|---|---|
| **JEFFREY YOUNG, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | )  No.  17-1200-STA-egb |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

_____

**RESPONSE OF UNITED STATES OF AMERICA TO
DEFENDANT'S MOTION FOR RETURN OF PROPERTY**
_____

**COMES NOW** the United States of America, by and through D. Michael Dunavant, United States Attorney, and his designated representative, Beth C. Boswell, Assistant United States Attorney, for the Western District of Tennessee, and responds to the defendant's Motion for Return of Property as follows:

On October 30, 2017, Jeffery Young, Jr. (hereinafter Young) filed a Motion For Return of Property (RE1). Generically, Young requested the return of the following items: electronic devices, which were taken during the execution of the search warrant.  On January 11, 2017 the Drug Enforcement Administration (hereinafter DEA) executed search warrants at the business and the home residence of Young. A total of 19 electronic devices were uncovered pursuant to both warrants. Of those 19 devices, DEA imaged 16 devices and left them so that Young could continue operating his business. Three devices remain in the custody of DEA.

Young cites Federal Rules of Criminal Procedure Rule 41(g) as authority to support their motion. As stated above, the items were seized pursuant to a search warrant issued by a Federal

Judge.   The items were not taken by any unlawful means.

In reviewing the defendant's motion, the Court will balance the competing equities of the defendant's interest in the property and the government's interest.   Because of the equitable nature of the determination, the standard of review is "abuse of discretion".   <u>United States v. Duncan</u>, 918 F.2d 647, 654 (6th Cir. 1990).   A defendant's motion for return of property will be unavailing where the government has a continuing interest in the property.   <u>United States v. Francis</u>, 646 F2d 251 (6th Cir. 1981), <u>citing United States v. Premises Known as 608 Taylor Avenue</u>, 584 F.2d 1297, 1303 (3rd Cir. 1978) (ruling that the government may retain seized property for a reasonable time before instituting criminal proceedings.)

The matter related to the search warrants of Young's business and residence is still an ongoing and active criminal investigation. The remaining three devices, and any other property confiscated by DEA are considered criminal evidence in this case at this time. The items seized are potentially evidence of a crime, contraband, fruits of a crime, and/or property used in committing a crime.

## **CONCLUSION**

Therefore, Young is not entitled to the return of any property. The United States respectfully requests that this Honorable Court deny the defendant's motion for same.

            Respectfully submitted,

            D. Michael Dunavant
            United States Attorney

By:    <u>s/Beth Boswell</u>
       BETH BOSWELL; TN Bar No. 19260
       Assistant United States Attorney
       109 South Highland Avenue, Suite 300
       Jackson, Tennessee   38301
       (731)   422-6220

## CERTIFICATE OF SERVICE

    I, BETH BOSWELL, do hereby certify that a true and exact copy of the foregoing motion has been electronically submitted to all counsel of record

This the 12th day of December, 2017.

                                            s/Beth Boswell
                                            BETH BOSWELL
                                            Assistant United States Attorney